■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMBERTO D. MACHIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 22, 1986, convicting him of criminal possession of a weapon in the third degree, operating a motor vehicle while impaired, speeding (two counts), and driving without lights, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

In the early morning hours of December 19, 1984, while driving on the Long Island Expressway, the defendant passed a Nassau County Police Department radar-equipped patrol car which clocked his speed at 85 miles per hour. The patrol car pursued the defendant with its flashing lights and siren on. The defendant exited the expressway, turned off his lights, and proceeded to drive at 90 miles per hour on Searingtown Road for about a mile before coming to a stop and exiting from his car quickly with one of his hands in his jacket pocket.

One of the police officers grabbed the defendant's hand and removed a loaded .25 caliber, semiautomatic pistol from the defendant's pocket. The defendant exhibited signs of being intoxicated and scored .08% on the breathalyzer tests which were subsequently administered.

At the trial the defendant conceded that he was speeding, that he had turned his lights off after exiting the expressway, that he tried to outrun the police, and that he was somewhat intoxicated. He maintained, however, that his possession of the gun was temporary and innocent (see, People v Persce, 204 NY 397, 402).

The defendant was convicted, among other things, of criminal possession of a weapon in the third degree, and on this appeal challenging that conviction, he contends that prosecutorial misconduct deprived him of a fair trial.

Our review of the record indicates that the defendant's objection to the admission of certain testimony during the direct examination of a witness for the People was sustained. The court's offer to strike the testimony and give a curative instruction was accepted by the defendant who made no

application thereafter seeking further or more complete instructions. It must be deemed that the curative action alleviated any possible prejudice *(see, People v Berg,* 59 NY2d 294, 300; *People v Santiago,* 52 NY2d 865; *People v Jones,* 120 AD2d 747).

The alleged improprieties noted by the defendant during cross-examination were not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467), and we decline to invoke our interest of justice jurisdiction to review them.

Moving on to the prosecutrix's summation, six of the comments alleged to be improper were not objected to by the defendant and therefore are unpreserved for review on this appeal *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818), and we decline to review these alleged errors in the interest of justice. As to the remaining comments during the summation of the prosecutrix, the propriety of which the defendant challenges, the record indicates that the court sustained the defendant's objection to each one, struck the comments, gave prompt, clear, curative instructions *(cf., People v Wood,* 66 NY2d 374, 380; *People v Arce,* 42 NY2d 179; *People v Ashwal,* 39 NY2d 105), and admonished the prosecutrix *(cf., People v Galloway,* 54 NY2d 396). The defendant accepted this course and did not move for a mistrial *(cf., People v Galloway, supra,* at 400; *People v Williams,* 46 NY2d 1070). Additionally, the court gave a further curative instruction in its final charge to the jury regarding the comments which had been stricken during the summation *(cf., People v Broady,* 5 NY2d 500). The court dissipated any prejudice by its prompt and clear curative instructions *(see, People v Ashwal, supra,* at 111).

We see no abuse of discretion in the court's imposition of a determinate sentence of one year's imprisonment upon the defendant's conviction of criminal possession of a weapon in the third degree and therefore decline to disturb it *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.