■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN NURSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered April 17, 1985, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the complainant's identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the complainant's identification testimony should have been suppressed because he looked dissimilar from the lineup fill-ins in certain respects is without merit. "While it is well established that the participants in a lineup should have the same general physical characteristics *(see, Foster v California,* 394 US 440), there is

no requirement that a defendant in a lineup should be surrounded by individuals nearly identical in appearance *(see, People v Rodriguez,* 124 AD2d 611)" *(People v Burns,* 138 AD2d 614, 615). The fill-ins used in the lineup conducted at bar were sufficiently similar such that no characteristic or visual clue would have caused the viewer to select the defendant as the perpetrator *(see, People v Mason,* 123 AD2d 720, *lv denied* 69 NY2d 714).

The trial court did not err in permitting the prosecutor to cross-examine the alibi witnesses regarding their failure to come forward to law enforcement officials upon learning of the defendant's arrest. The prosecutor laid a proper foundation for such questioning *(see, People v Dawson,* 50 NY2d 311), and did not improperly indicate that the witnesses were obligated to come forward, and the court instructed the jury as to the limited probative value of the witnesses' failure to come forward. The fact that the witnesses did speak with the defendant's attorney within a month after the defendant's arrest does not serve to preclude this inquiry, as the witnesses testified that the attorney did not advise them not to speak with law enforcement officials *(see, People v Dawson, supra).* The reasonableness of their explanations that they thought that providing the defendant's attorney with the exculpatory information was sufficient is a factor for the trier of fact to consider in determining whether to credit or discredit the witnesses *(see, People v Dawson, supra).* Finally, the court's failure to ascertain outside the presence of the jury the reason why one of the witnesses did not come forward to law enforcement officials does not require reversal under the circumstances present at bar *(see, People v Campbell,* 123 AD2d 437, *lv granted* 69 NY2d 878, *revd on other grounds* 70 NY2d 724).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.