■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN STEEDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered February 5, 1987, convicting him of attempted robbery in the second degree and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in permitting the alibi witness to be cross-examined regarding his failure to come forward and give potentially exculpatory information to law enforcement officials after learning of the defendant's arrest. Prior to permitting this line of questioning, the court held a bench conference, during the course of which the prosecutor laid a proper foundation by "demonstrating that the witness was aware of the nature of the charges pending against the defendant, had a reason to recognize that he possessed excul-

patory information, had a reasonable motive for acting to exonerate the defendant and, finally, was familiar with the means to make such information available to law enforcement authorities" *(People v Dawson,* 50 NY2d 311, 321, n 4). This cross-examination was not rendered improper by virtue of the fact that the witness had spoken with the codefendant's attorney several days after the incident, as the attorney did not advise him not to speak with law enforcement officials *(see, People v Dawson, supra; People v Nurse,* 142 AD2d 738). Nor was it rendered improper by the witness's explanation that "there's reasons why you don't go down to that precinct to volunteer, because if they see you in the presence of other people they may lock you up too for no reason". This statement was merely a factor for the triers of fact to consider in determining whether or not to credit the witness's testimony *(see, People v Dawson, supra; People v Nurse, supra).* Finally, neither the prosecutor's questions, nor his remarks during summation improperly indicated that the witness was obligated to come forward. Moreover, upon request, the court instructed the jury that the witness had no civic or moral duty to do so.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.