■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COMMON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered March 21, 1984, convicting him of rape in the first degree and sodomy in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was tried jointly with a codefendant, Theresa Davies, whose conviction was affirmed by this court *(People v Davies,* 145 AD2d 499), contends that the prosecutor's summation deprived him of a fair trial. We addressed this issue on the codefendant's appeal. Although we disapproved of certain inflammatory remarks made by the prosecutor during his summation, we determined that the verdict was not influenced thereby *(see, People v Davies, supra; see also, People v Wood,* 66 NY2d 374; *People v Machin,* 128 AD2d 728). We see no basis to depart from our previous determination.

In his supplemental *pro se* brief, the defendant contends that the prosecutor acted improperly in placing certain allegedly false testimony and documentation before the jury. The defendant relies primarily on documents outside the record to support his contention. To the extent that this contention can be reviewed on the record on appeal, we find it to be without merit.

The defendant's claim of ineffective assistance of counsel is also based for the most part on facts and documents outside the record. Insofar as the contention can be reviewed, the record reveals that the defense counsel met the standard of "meaningful representation" *(see, People v Baldi,* 54 NY2d 137; *People v Ortiz,* 143 AD2d 150; *People v Robinson,* 122 AD2d 173).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). We find the defendant's remaining contentions

to be without merit. Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.