■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDORE PEREZ, Also Known as ISIDORO PEREZ, Appellant.— Judgment of the Supreme Court, New York County (Herbert Altman, J., at trial with a jury), rendered March 27, 1987, convicting defendant of two counts of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to consecutive indeterminate prison terms of 25 years to life and 15 years to life for the murder counts and concurrent terms of 5 to 15 years and 2⅓ to 7 years for the weapons counts to run consecutively with the sentences imposed for the murders, is unanimously affirmed.

Two men were shot to death in the lobby of 466 East 10th Street at about 8:00 P.M. on March 10, 1986. On the following day, defendant confessed to the crime. The sole eyewitness to testify, Allen Royal, said defendant was not the lone assassin. Testifying on his own behalf, defendant disowned having said that the two victims were shot because they had ripped off his drug spot. He claimed the confession was the product of coercion and the failure of the police to honor his request to telephone his attorney.

We decline to reach defendant's claim that the was denied effective assistance of counsel. In the absence of any obvious error on the part of counsel appearing in the record, resolution of defendant's arguments should be addressed at a hearing conducted in the trial court. Were we to reach defendant's claim with respect to counsel's decision not to accept the court's offer to give an alibi charge, but to ask for a charge on intoxication, we would find that counsel provided meaningful representation *(People v Baldi,* 54 NY2d 137). Counsel's overall performance was not weak. He moved for suppression of defendant's statement, pressed the claim at trial that the statement was improperly obtained, and his efforts, while not successful, led the court to charge that an acquittal was in order if the jury found that the statement was involuntary for a number of reasons. It appears that the main thrust of the defense was to knock out defendant's confession, and counsel struck hard blows in support of that defense.

Defendant did raise an alibi defense, but that defense was a corollary to the main theme that defendant's confession was illegally obtained, and counsel cannot be faulted for not pursuing it vigorously. The alibi had significant weaknesses, including defendant's credibility and the absence of corroboration.

We also decline to reach defendant's claim that his brother, Edwin, and Denise Kelley were improperly cross-examined about their failure to come forward sooner with material evidence. The general objections that were made at trial did not preserve defendant's claim that the prosecutor did not have an appropriate basis to ask the witnesses about their failure to come forward (see generally, People v Dawson, 50 NY2d 311). In any event, Dawson recognizes that there is nothing inherently improper about cross-examining a defense witness concerning his failure to come forward, and we find that the prosecutor's cross-examination was not misleading. Indeed, Edwin's relationship to defendant speaks for itself on the issue of speaking up promptly, and Edwin admitted he spoke with defendant several times before the trial. As to Kelley, it is sufficient to note that her allusion, in her direct examination, to her delay in coming forward invited cross-examination about the subject. Moreover, the evidence showed Kelley reasonably knew of defendant's arrest long before she came forward.

We also find that the prosecutor's summation did not deprive defendant of a fair trial. The prosecutor's suggestion that Royal was afraid to identify defendant was not unfounded. Royal was questioned about his fear at the trial, and Royal's anxiety was a matter that defense counsel noted. Moreover, Royal's complete description of the gunman and Royal's familiarity with defendant contrast with Royal's failure to recognize defendant at a lineup, not as the gunman, but as someone Royal knew.

The prosecutor is also accused of attempting to shift the burden of proof by commenting on defendant's failure to call his wife and sister as alibi witnesses. Defendant argues that his wife and sister were not involved in his alibi because he testified that no one was home when he arrived. We find, however, that defendant's wife and sister possessed material evidence (People v Rodriguez, 38 NY2d 95, 98; People v De Jesus, 42 NY2d 519, 525). The point is illustrated by defendant's testimony. In disowning his confession, defendant testified that he had told the police that he had been in his mother's building and that he had departed at about 7:00 P.M.

He claimed he arrived home at around 9 o'clock. On cross-examination, defendant said he could have arrived home any time between 7:30 and 7:50. Asked who was present, defendant replied that he had no present memory and that he could not "remember that there was anyone". Defendant also told the jury that he stayed in the apartment until the next day and that, "naturally", his wife, their children, his sister and his niece arrived home some time.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.