■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE STEWART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 18, 1989, convicting him of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor improperly cross-examined him concerning his witness's failure to come forward, before the trial, with exculpatory information. The record indicates that the court sustained all but one of the defendant's objections to the challenged questions. Additionally, the court gave an immediate curative instruction to the effect that the witness had no legal duty to come forward. The defendant accepted this course and did not move for a mistrial. Accordingly, this issue is unpreserved for appellate review (cf., People v Dawson, 50 NY2d 311, 316; People v

*Machin,* 128 AD2d 728). The one objection which was overruled was general in nature and was therefore inadequate to preserve the issue for appellate review *(see, People v Perez,* 159 AD2d 219, 220). In any event, we have examined the issue in the exercise of our interest of justice jurisdiction and find that the error, if any, was harmless under the circumstances of this case.

The defendant's contention that the prosecutor's remarks during summation improperly indicated that the witness was obligated to come forward is also unpreserved and, in any event, without merit. The witness's pretrial silence was a proper basis for impeaching his credibility *(see, People v Dawson, supra,* at 318; *People v Steede,* 149 AD2d 744).

We find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.