■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELORE FUENTES, Also Known as VESTOR GOMEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered July 1, 1982, convicting him of reckless endangerment in the first degree and possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On appeal, defendant raises several alleged errors which he claims deprived him of a fair trial, including the alleged admission of testimony regarding uncharged crimes and hearsay testimony. Most of these claimed errors were not objected to at trial, and therefore have not been preserved for appellate review (*People v Jones,* 81 AD2d 22). One claimed error which was preserved occurred during complainant De Malleo's testimony. Mr. De Malleo testified that he and his wife and child stayed with his mother for only a couple of days after the incident in question because his mother was threatened. The objection to that testimony was sustained and curative instructions were given immediately. Consequently, defendant was not prejudiced. In any event, Mr. De Malleo did not say that defendant

was responsible for the threats; therefore he was not implicated in any uncharged crime. Similarly, the impeachment of the alibi witnesses on the basis of their prior illegal conduct did not implicate defendant in any uncharged crimes (*see, People v Hunter,* 88 AD2d 321).

Statements which defendant claims constitute inadmissible hearsay were not hearsay. The statements were not admitted for their truth, but only for the fact that they were made. Thus, even had objections been raised at trial, they would have been properly overruled (*People v Davis,* 58 NY2d 1102).

Defendant has failed to demonstrate that he was deprived of the effective assistance of counsel under either the standard set forth by the Court of Appeals in *People v Baldi* (54 NY2d 137) or by the United States Supreme Court in *Strickland v Washington* (466 US 668). To the contrary, counsel thoroughly cross-examined the People's witnesses, presented two alibi witnesses, made appropriate objections, summed up to the jury in a competent fashion, and was able to convince the jury to acquit defendant of the attempted murder count. Accordingly, his performance was far from ineffective. Consequently, the judgment is affirmed. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.