■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOROTHY JACKSON, Appellant.—Appeals by the defendant (1)

from a judgment of the County Court, Nassau County (Harrington, J.), rendered September 28, 1982, convicting her of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing two concurrent indeterminate terms of imprisonment of 6 to 18 years, and (2) by permission from an order of the same court, entered January 24, 1984, which denied her motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment is modified by reducing the sentence imposed to two concurrent indeterminate terms of imprisonment of 3 to 9 years. As so modified, the judgment is affirmed, and it is further,

Ordered that the order is affirmed.

The errors complained of in the court's charge are unpreserved for appellate review (CPL 470.05 [2]). In any event, the record indicates that the court gave sufficient instructions on the issues of identification and alibi when the charge is read as a whole (see, People v Victor, 62 NY2d 374; People v Whalen, 59 NY2d 273; cf. People v Williams, 112 AD2d 177; People v Rodriguez, 111 AD2d 881), and that the charge adequately advised the jury of the legal principles applicable to the facts of the case so that the failure of the court to marshal the evidence was not error (CPL 300.10 [2]).

Nor did the trial court err in failing to grant the defendant's motion to sever the counts of the indictment pertaining to the sales of cocaine on June 11, 1981 and June 15, 1981, respectively. It was permissible to join the two sales since the offenses were "the same or similar in law" (CPL 200.20 [2] [c]). The defendant's motion was, therefore, addressed to the trial court's discretion (CPL 200.20 [3]) and the defendant has not shown any basis upon which to conclude that the court's exercise of discretion was abused (see, People v Jenkins, 50 NY2d 981; People v Gilmore, 106 AD2d 399, 400).

The record indicates that the defendant's trial counsel was far from inadequate. Counsel's pretrial Sandoval motion was granted, he vigorously cross-examined the People's witnesses, presented five alibi witnesses, and pressed the alibi defense in a thorough summation (see, People v Davidson, 123 AD2d 782; People v Fuentes, 111 AD2d 766, 767). While the defendant's attorney chose to fully explore the alibi defense and did not present certain other evidence available to him, we cannot say that the representation was rendered meaningless merely because his trial tactic was unsuccessful (see, People v Baldi, 54 NY2d 137; cf. People v Ofunniyin, 114 AD2d 1045, 1047).

The defendant's remaining contention with respect to trial is unpreserved and, in any event, is without merit.

Finally, the defendant's sentence was excessive to the extent indicated. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.