■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered July 17, 1984, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgment is affirmed.

Under the same indictment, the defendant was charged, *inter alia,* with robbery in the first degree arising from an incident which occurred on August 16, 1983, at a grocery store in Brooklyn, and attempted robbery in the first degree arising from an incident which occurred on August 18, 1983, under similar circumstances, at another grocery store also located in Brooklyn. On September 7, 1983, each of the complainants separately identified the defendant as the perpetrator after viewing a photo album containing between 20 to 50 photographs compiled by the investigating detective from arrest photographs of individuals involved in unrelated cases. On or about September 14, 1983, the complainants again positively identified the defendant, who voluntarily participated in police lineups.

On this appeal, the defendant raises numerous issues, which include the contentions that testimony as to the pretrial identifications should have been suppressed, that the trial court erred in denying his application for a severance, and that the People failed to prove his guilt beyond a reasonable doubt. We find that these contentions either were not properly preserved for review (CPL 470.05 [2]; *People v Baldo,* 107 AD2d 751), or are without merit.

Specifically, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the identification evidence since the record supports the hearing court's determination that the identification procedures were not unduly suggestive (see, People v Prochilo, 41 NY2d 759, 761; People v Gee, 104 AD2d 561).

Nor did the trial court err in failing to grant the defendant's application to sever the counts of the indictment pertaining to the August 16, 1983 incident from the August 18, 1983 incident. The offenses were "the same or similar in law" (CPL 200.20 [2] [c]) and the motion was addressed to the trial court's discretion (CPL 200.20 [3]; People v Jenkins, 50 NY2d 981). We find no abuse of that discretion.

We also reject the defendant's contention that the evidence was insufficient to prove his guilt beyond a reasonable doubt. As we have repeatedly stated, where a defendant challenges the complainant's identification by presenting an alibi, the assessment of the credibility of the witnesses is primarily for the jury (see, e.g., People v Campbell, 123 AD2d 437; People v Cox, 114 AD2d 968). Upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt.

The record also indicates that the court's charge on identification and on the alibi defense, when read as a whole, adequately advised the jury of the applicable legal principles (see, People v Victor, 62 NY2d 374; People v Jackson, 125 AD2d 410).

Finally, the sentence imposed was not unduly harsh or excessive and there were no circumstances presented which would justify disturbance of the court's exercise of its discretion in that regard (see, People v Mungen, 125 AD2d 419). Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.