■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLETCHER McKENZIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 7, 1987, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

The defendant's objection to the verdict sheet was untimely, having been made after the jury began deliberations (see, CPL 470.05 [2]). However, as proof of the defendant's guilt was not overwhelming, appellate review in the interest of justice is warranted (see, People v Ranum, 122 AD2d 959, 961).

Upon such review, we find that the trial court erred in submitting to the jury a verdict sheet which included, in parentheses, indictment-like allegations with respect to each crime charged (see, CPL 310.20 [2]; People v Nimmons, 72 NY2d 830).

The jury in the instant case had not requested copies of the indictment. Further, the court gave no instruction when submitting the verdict sheet to the jury that the parenthetical matter was derived from the indictment which was an accusatory instrument with no evidentiary value (cf., People v Moore, 71 NY2d 684). Therefore, the parenthetical matter threatened to emphasize the People's case to the exclusion of the defendant's case (see, People v Owens, 69 NY2d 585, 591). Such error was compounded by the fact that the material combined specific factual allegations as to the elements of each crime charged. Consequently, the defendant was denied a fair trial

*(see, People v Owens, supra* at 590-591) and reversal is warranted as the error cannot be considered harmless *(see, People v Crimmins,* 36 NY2d 230, 237-238).

In light of the above decision, we do not reach the defendant's remaining contentions. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.