■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EDWARDS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.),

rendered December 7, 1987, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the first degree (two counts), and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court did not err in denying suppression of the pretrial identifications of the defendant by the complainants and the complainants' in-court identifications of the defendant. The record amply supports the court's determination that none of the pretrial identification procedures employed by law enforcement officials in this case were unduly suggestive (see, People v Mattocks, 133 AD2d 89).

The defendant's contention that the court improvidently exercised its discretion in denying his motion to sever the counts of the indictment which involved different complainants is without merit. Those offenses were joinable because even though based upon different criminal transactions, they are defined by the same or similar statutory provisions (see, CPL 200.20 [2] [c]), and the defendant failed to show good cause why they should be tried separately (see, CPL 200.20 [3]; People v Jenkins, 50 NY2d 981; People v Montanez, 149 AD2d 627; People v Martinez, 128 AD2d 551).

The defendant further contends that his guilt was not established beyond a reasonable doubt because the identification testimony of the complainants was not worthy of belief. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the verdict sheet submitted to the jury was improper is unpreserved for appellate review (see, CPL 470.05 [2]; People v Lugo, 150 AD2d 502), and we decline to review it in the exercise of our interest of justice jurisdiction (see, People v Lugo, supra; cf, People v McKenzie, 148 AD2d 472).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.