■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE LASSITER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered June 27, 1986, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not register an exception to that portion of the court's charge to which he now objects and made no request for an alibi charge, thereby failing to preserve either issue for appellate review *(see,* CPL 470.05 [2]; *People v Brooks,* 70 NY2d 896; *People v Cadorette,* 56 NY2d 1007, 1009; *People v Howard,* 153 AD2d 903, 905; *People v Francis,* 137 AD2d 553; *People v Spruill,* 103 AD2d 785). Further, and contrary to the defendant's contentions, the evidence adduced on the People's rebuttal case was relevant to a material issue at trial since it tended to undermine the defendant's testimony that he was merely an innocent bystander and not the perpetrator of the crime *(see, e.g., People v Beavers,* 127 AD2d 138, 141; *see also, People v Pavao,* 59 NY2d 282; *People v Wise,* 46 NY2d 321, 328; *People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846).

The defendant's contention that the verdict sheet submitted to the jury was improper is unpreserved for appellate review *(see, People v Edwards,* 160 AD2d 720; *People v Moore,* 156 AD2d 478; *People v Lugo,* 150 AD2d 502), and we decline to reach the issue in the exercise of our interest of justice jurisdiction *(see, People v Howard, supra,* at 905; *People v Lugo, supra; People v McKenzie,* 148 AD2d 472).

Under the circumstances, the defendant's sentence was not

excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.