**38** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCHELLE COVINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered July 24, 1987, convicting him of robbery in the first degree, sexual abuse in the first degree, grand larceny in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although we find merit to the defendant's contention that the prosecutor should not have been permitted to question him with respect to his postarrest silence (see, People v Conyers, 52 NY2d 454), we nevertheless conclude that the error was harmless given the overwhelming proof of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

The prosecution was, however, properly permitted to cross-examine the defendant's alibi witness concerning her failure to relay alibi information to law enforcement officials since a sufficient foundation for this line of questioning had been laid at the pretrial *Dawson* hearing (see, People v Dawson, 50 NY2d 311, 321). The mere fact that the alibi witness testified that she believed that defense counsel would contact her, if necessary, did not serve to preclude the prosecutor from eliciting information at trial regarding her initial failure to contact law enforcement officials (see, People v Nurse, 142 AD2d 738, 739).

Additionally, there is no merit to the defendant's challenge to the sufficiency of the trial court's alibi instructions since the charge, in its entirety, adequately apprised the jury of the applicable legal principles (see, People v Martinez, 128 AD2d 551).

We have examined the defendant's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.