■ The People of the State of New York, Respondent, v Frederick McClain, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Correiro, J.), rendered December 19, 1988, convicting him of attempted rape in the second degree, sodomy in the second degree (two counts) and sexual abuse in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the People proved beyond a reasonable doubt that on two occasions the defendant perpetrated various sexual offenses on the complainant, who was then 11 years old. The complainant convincingly testified that on those two occasions the defendant sodomized and sexually abused her, and on the first occasion he attempted to rape her as well. Following the second episode, the complainant notified her godparents. Thereafter the defendant, who was living with the complainant and her godmother, was placed under arrest.

The defendant contends that the court committed reversible error in charging the jury that the reasonableness of testimony is one factor to consider in assessing witness credibility.

No objection was lodged in response to this portion of the court's charge. Therefore, any error in connection therewith is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). In any event, taken as a whole the court's instruction conveyed the appropriate legal standards to the jury (see, 1 CJI[NY] 7.02; *People v Canty,* 60 NY2d 830; *People v Hartle,* 151 AD2d 1003; *People v Fana,* 142 AD2d 684; *People v Mitchell,* 124 AD2d 977).

The defendant further argues that his conviction must be reversed because the court supplied the jury with an improper verdict sheet which impermissibly contained "indictment-like" language (see, e.g., *People v Nimmons,* 72 NY2d 830; *People v McKenzie,* 148 AD2d 472). However, once again no objection was raised regarding the form or content of the court's proposed verdict sheet. This alleged error is thus similarly unpreserved for appellate review and reversal in the interest of justice is unwarranted (see, *People v Freeman,* 162 AD2d 704; *People v Edwards,* 160 AD2d 720).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.