■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered August 27, 1987, convicting him of murder in the second degree (two counts) and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence

Ordered that the judgment is affirmed.

At trial, the People proved beyond a reasonable doubt that the defendant fatally stabbed the victim 49 times with knives which the police recovered from him at the scene during his arrest. With respect to the defendant's claims of prejudice resulting from the prosecutor's summation, we find that the challenged remarks were responsive to the defense counsel's summation and constituted fair comment upon the evidence (see, People v Rivera, 158 AD2d 723). With respect to the single remaining preserved claim of error, it is our conclusion that, although it was improper for the prosecutor to state that the deceased victim would have identified the defendant as her assailant, such error was harmless in view of the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230, 241-242).

The defendant further argues that his conviction must be reversed because the court supplied the jury with an improper verdict sheet which impermissibly contained "indictment-like" language (see, e.g., People v Nimmons, 72 NY2d 830; People v McKenzie, 148 AD2d 472). However, no objection was raised regarding the form or content of the court's proposed verdict sheet. This alleged error is thus unpreserved for appellate review and reversal in the interest of justice is unwarranted (see, People v McClain, 168 AD2d 514; People v Lugo, 150 AD2d 502; People v Mathis, 150 AD2d 613). Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.