■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BRIGGS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Heller, J.), rendered February 23, 1989, convicting him of attempted murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 2:00 A.M. on November 28, 1987, the defendant and two others accosted Edgar Santiago and his companion, Lenora Askew, as they were leaving the Burger Jack restaurant on McDonough Street and Malcolm X Boulevard in Brooklyn. As the defendant held a knife to Santiago's throat, his two accomplices went through Santiago's pockets and removed $550. After they had taken Santiago's money, the defendant lunged at him with his knife, but Santiago interposed the Burger Jack bag he was carrying, impaling it on the blade. One of the defendant's accomplices drew a pistol and shot Santiago once in the face. Santiago was hospitalized for ten days for treatment of his wound. About a month later, Askew identified the defendant in a lineup.

On appeal, the defendant contends that the People failed to prove beyond a reasonable doubt that he had the requisite mental culpability to support a conviction of attempted murder, that the trial court committed *per se* reversible error in submitting to the jury a verdict sheet containing, in parentheses, elements of some of the crimes charged, and that his sentence was excessive. The defendant's contentions are without merit.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. A rational jury could have found beyond a reasonable doubt that the defendant shared his firearm-wielding accomplice's homicidal intent. The complainant testified that the defendant lunged at him with his knife *after* the robbery was essentially complete, and it was only when Santiago resisted this potentially deadly attack that the defendant's accomplice pulled out his gun and shot the victim—apparently assisting the defendant in his attempt to kill Santiago. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's objection to the verdict sheet was untimely, having been made after the jury began its deliberations, with the result that the defendant's claim of error is not preserved for appellate review (CPL 470.05 [2]; *cf., People v McKenzie,*

148 AD2d 472). Moreover, in view of the overwhelming evidence of the defendant's guilt, we decline to reach the issue in the exercise of our interest of justice jurisdiction (see, People v Monroe, 135 AD2d 741; cf., People v McKenzie, supra).

Finally, we conclude that, under the circumstances of this case, there is no reason to disturb the sentence imposed by the trial court (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Lawrence, Eiber and Balletta, JJ., concur.