◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUDDY AIKEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 2, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the

defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that he was deprived of a fair trial by reason of the trial court's failure to give an alibi charge is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Lassiter,* 161 AD2d 669), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

Moreover, although the People failed to give the proper statutory notice of their intention to introduce Detective Mott's identification testimony at trial *(see,* CPL 710.30), since a full and fair *Wade* hearing was held prior to trial, after which the branch of the defendant's omnibus motion which was to suppress identification testimony was denied, Detective Mott's identification testimony was properly admitted at the trial *(see, People v White,* 118 AD2d 886).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.