■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP HILLIARD, Appellant. [606 NYS2d 990] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered January 18, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The questioning of the defendant at the precinct was not a custodial interrogation and the confession made by him as a result of that questioning was properly admitted into evidence. A reasonable man in the defendant's position, innocent of any crime, would have assumed that he was free to leave the interview (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851). It is clear that the defendant voluntarily accompanied the detectives who questioned him to the precinct and that both before and during the questioning he was neither restrained nor coerced in any manner.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's objection to the verdict sheet was untimely, having been made after the jury commenced its deliberations, with the result that the defendant's claim of error with respect thereto is unpreserved for appellate review (see, CPL 470.05 [2]; People v Briggs, 175 AD2d 167, 168; People v McKenzie, 148 AD2d 472).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.