■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER GEORGE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 3, 1989, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Contrary to the defendant's assertion, the People adduced legally sufficient evidence of his knowing possession of over 14 ounces of cocaine secreted in sandals in his suitcase, as the defendant attempted to enter the United States through the customs area at John F. Kennedy International Airport (hereinafter JFK Airport) (see, People v Luna, 73 NY2d 173, 179; People v Mizell, 72 NY2d 651, 656; People v Reisman, 29 NY2d 278, 285, cert denied 405 US 1041; People v Green, 35 NY2d 437, 442-443).

Additionally, the record is devoid of evidence that the People attempted, in their direct case, to use evidence of the defendant's passport and of his prior trips to the United States and Canada in order to establish that the defendant knowingly possessed cocaine on March 3, 1988 (cf., People v

*Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233, 241; *People v Molineux,* 168 NY 264; *see also, United States v Afjehei,* 869 F2d 670; Fed Rules Evid, rule 404 [b]). At no time during the People's direct case did the prosecutor suggest that the defendant's prior trips from Trinidad to the United States and Canada were narcotics related. Instead, the People's direct case consisted, *inter alia,* of proof that the defendant arrived at JFK Airport on March 3, 1988 without any money, traveler's checks or credit cards. In response to this proof, defense counsel, in his direct case, elicited testimony from the defendant's uncle that he planned to pay airfare and expenses of the defendant's March 3rd trip to New York. When the uncle testified during cross-examination that "on several occasions" he picked the defendant up at the airport and paid the cabfare, the People appropriately questioned the uncle concerning those other occasions that he recalled.

Furthermore, during the defendant's direct examination, defense counsel elicited testimony that the defendant's family could afford to pay for his frequent trips to New York. The trial court did not err in permitting extensive cross-examination on the otherwise collateral issue of the number of trips and their source of funding, since defense counsel made these material issues in the case *(see, People v Chaitin,* 61 NY2d 683, 684).

In view of the fact that the defendant smuggled over 14 ounces of cocaine into the United States, we decline to reduce the sentence in the interest of justice *(People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them unpreserved for appellate review *(see, People v Johnson,* 154 AD2d 618; *People v Leach,* 148 AD2d 751, 752), or without merit. Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.