■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUZRI TERNAKU, Appellant.—Judgment, Supreme Court, New York County (Herman Cahn, J.), rendered April 8, 1987,

convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, assault in the second degree, and criminal possession of weapon in the third degree and sentencing defendant to concurrent terms of imprisonment of 3 to 9 years, 2⅓ to 7 years and 2⅓ to 7 years, respectively, to run consecutively to concurrent sentences of 3 to 6 years and 2 to 6 years imposed in New York County under separate indictment, unanimously affirmed.

When a person obtains possession of a weapon in the course of a lawful act, such as disarming an attacker, his temporary and lawful possession does not constitute a crime. *(People v Almodovar,* 62 NY2d 126 [1984].) In this case, there was a reasonable view of the evidence that defendant's possession of the gun was in fact innocent, since the police officers testified that after his arrest, defendant had stated that the gun was possessed by the complainant during the course of a political argument. We agree with defendant's argument that a charge on the defense of temporary and innocent possession was required. *(People v Messado,* 49 AD2d 560.) The court instructed the jury that they should acquit defendant if they found that he possessed the gun only during the struggle or immediately afterwards.

Moreover, while it may have been preferable for the court to have stated the law in terms of the People's obligation to disprove the defense beyond a reasonable doubt, the proper standard of proof was conveyed to the jury. Since the charge, taken as a whole, required the People to affirmatively prove that defendant possessed the gun before the struggle, at which time defendant's possession could not have been innocent, the charge in effect obligated the People to disprove that the possession was innocent beyond a reasonable doubt. Furthermore, in view of the overwhelming evidence of guilt, any lack of clarity in the charge was clearly harmless.

The court's charge that the prosecution was not obligated to prove motive was correct *(see, People v Rios,* 60 NY2d 764 [1983]), and in no way implied, as defendant argues, that evidence of the alleged political argument was irrelevant. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.