■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON A. BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of burglary in the second degree and petit larceny. He contends that the court's preliminary jury instruction was erroneous; that evidence of an uncharged crime was improperly admitted; and that the prosecution failed to establish a prima facie case.

Defendant did not object to the court's preliminary instruction and thus has failed to preserve the issue for our review (CPL 470.05 [2]). Moreover, even if we were to reach that argument, it is totally lacking in merit. The court's instruction did not authorize the jury to convict defendant of crimes other than those charged in the indictment.

Additionally, it was not error for the prosecutor to explore facts relating to an uncharged crime on his redirect examination of the complainant. Defense counsel opened the door to that inquiry by his cross-examination of the complainant. Defense counsel elicited the complainant's admission that she had immediately suspected defendant of burglarizing her house and had told the police of her suspicion even though she had no proof of that fact. In order to dispel the impression that she had made an unfounded accusation against defendant and was "out to get him", the prosecutor questioned the complainant on redirect examination concerning the basis of her suspicion. She testified that defendant had previously stolen and sold her son's bicycle and that he had threatened to get even with her for reporting the bicycle theft to the police.

Finally, we conclude that the People adduced sufficient evidence to establish a prima facie case of burglary by the defendant. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.