■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNOLD LAGUERRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered December 18, 1990, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree based on accessorial liability. In his defense, the defendant essentially testified that he tried to stop the robbery of one of the complainants.

We disagree with the defendant's contention that he was deprived of his right to a fair trial when the prosecutor repeatedly suggested, in cross-examination and summation, that the defendant had a duty both to report the crime that he observed and to affirmatively aid the police, and insinuated that since the defendant did not do either he must be an accomplice. Initially, since the defense counsel simply raised a general objection when the prosecutor asked the defendant if he called the police, the issue is unpreserved for appellate review (see, CPL 470.05 [2]; People v Fleming, 70 NY2d 947, 948; People v Stewart, 172 AD2d 862). In any event, since the defendant on direct examination portrayed himself as a good samaritan who sought to intervene on the victim's behalf, as opposed to having incited the crime as the prosecution contended, we find that the defendant opened the door with respect to the complained-of line of questioning (see, People v Chaitin, 61 NY2d 683, 684-685; People v McCullough, 141 AD2d 856; People v Cook, 117 AD2d 675).

The defendant's remaining contentions do not require reversal, although some of the prosecutor's comments would have been better left unsaid. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.