■ The People of the State of New York,, Respondent, v Gary A. Hawley, Appellant. [596 NYS2d 205] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Mugglin, J.), rendered May 22, 1989 in Delaware County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Following the denial of his motion to dismiss the indictment charging him with criminal possession of a controlled substance in the first degree and of his motion to suppress certain evidence after a hearing, defendant pleaded guilty to criminal possession of a controlled substance in the second degree in full satisfaction of the indictment. Defendant was sentenced to an indeterminate term of incarceration of six years to life.

Defendant appeals the denial of his suppression motion on

the ground that probable cause did not exist to issue the search warrant which led to his arrest and conviction. Defendant also contends that Supreme Court erred in not allowing defense counsel an opportunity to attack the reliability of the confidential informant, that the information given the court to support the search warrant was double hearsay, that the information supplied by undisclosed informants to support the warrant did not fulfill the *Aguilar-Spinelli* test and that the information relied on was stale.

The application for the search warrant was made by State Police Investigator Douglas Vredenburgh on November 15, 1988 and executed on November 25, 1988. This application incorporated information supplied to Supreme Court on November 2 and 3, 1988 when a previous application for an unexecuted search warrant was made. This previous information consisted of testimony under oath given before Supreme Court by confidential informants. Supreme Court found the informants to be reliable and the informants' testimony was further confirmed by police surveillance of defendant. On the basis of this information, the warrant was executed on November 25, 1988 and cocaine and miscellaneous drug paraphernalia were found inside defendant's trailer.

We have reviewed the information supplied to Supreme Court by the confidential informants on November 2 and 3, 1988 and by the police and find that it legally supports the issuance of a search warrant. There was probable cause to conclude that defendant was trafficking in drugs.

It has been held by this Court that material previously submitted to a Judge may be incorporated by reference in a subsequent warrant application to a Judge as long as it was given under oath, is available to him or sufficiently fresh in his mind that he can assess it *(see, People v Tambe,* 71 NY2d 492, 502; *People v Davis,* 93 AD2d 970). We conclude that Supreme Court had before it a sufficient record constituting probable cause to issue the warrant based on the observations of the informants, which were found to be reliable and buttressed further by police observations.

There is no merit to defendant's contention that the reliability and basis of knowledge test enunciated in *Aguilar v Texas* (378 US 108) and *Spinelli v United States* (393 US 410) was not met here. The information on which this warrant was issued came from the informants' sworn testimony before Supreme Court rather than from information supplied by police to the court as relayed to them by an informant. The *Aguilar-Spinelli* test is thus inapplicable *(see, People v Deliz,*

172 AD2d 877, 878, *lv denied* 78 NY2d 921). Unlike the circumstances in *People v Martinez* (80 NY2d 549), Supreme Court personally made a determination of the informants' reliability. In addition, the information contained in the warrant was not stale. The circumstances existing on November 2 and 3, 1988 were indicated to be continuing as of November 15, 1988, thus giving rise to probable cause of the commission of a crime as of the time of issuance of the search warrant *(see, People v Clarke,* 173 AD2d 550).

Defendant also contends that certain false and misleading information was contained in the application for the November 15, 1988 warrant and that the evidence seized should be suppressed or a hearing held to determine the veracity of the information contained in the warrant application. Although defendant has brought out some inaccuracies in the information given to Supreme Court, he has failed to prove by a preponderance of the evidence that the facts in the application for the second warrant were false, as is his burden *(see, People v Tambe,* 71 NY2d 492, 504-505, *supra).* At worst, some of the information supplied by State Police Investigator Steven Bernardi was a mistake or an omission. In any event, Supreme Court heard the informants' testimony in camera which confirmed the veracity of the statements in the November 15, 1988 application, thus justifying issuance of the search warrant.

Defendant's remaining contentions have been reviewed and found to be without merit.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.