■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DOMINIZZI, Appellant. [599 NYS2d 229] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered July 18, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him to concurrent terms of 4½ to 9 years, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Defendant was not deprived of effective assistance of counsel when his trial counsel opened the door during direct examination of defendant to questioning on the underlying fact of a prior conviction as to which the court had previously precluded inquiry in its *Sandoval* ruling *(People v Hayes,* 191 AD2d 368).

Once defense counsel's inquiry to defendant opened the door to the prosecutor, defendant was still under a continuing obligation to tell the truth and not perjure himself *(Harris v New York,* 401 US 222; *Nix v Whiteside,* 475 US 157). No

error can be discerned from the trial court's refusal to strike the subject question and answer or to permit counsel to consult with defendant before cross-examination *(see, Perry v Leeke,* 488 US 272; *People v Enrique,* 80 NY2d 869, *affg* 165 AD2d 13 *for reasons stated by Sullivan, J.).*

Finally, contrary to defendant's contention, the proof of guilt adduced at trial is sufficient to sustain the judgment of conviction *(People v Bleakley,* 69 NY2d 490). Concur—Murphy, P. J., Sullivan, Carro, Kupferman and Rubin, JJ.