■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY CASADO, Appellant. [606 NYS2d 366] —Mikoll, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered August 10, 1992, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Upon a tip from an informant concerning sales of cocaine from his apartment, Police Officer Alaric McAlinn went to 516 Oak Street in the City of Elmira, Chemung County, at approximately 12:35 A.M. on February 4, 1992 for the purpose of making an undercover drug buy. At the door of the informant's apartment, McAlinn asked for the informant by his street name and then placed an order for $50 worth of cocaine. The informant went up to the top of the back stairs and spoke with defendant, who entered the apartment and then returned with a small plastic bag containing powder. McAlinn said he wanted "rock" cocaine and defendant went back inside the apartment and returned with a yellowish rock substance which he handed to the informant, who in turn gave it to McAlinn.

The rock substance was field tested and found to be cocaine. At about 1:30 A.M. on February 4, 1992 Police Lieutenant Nicholas Draghi prepared an affidavit for a search warrant detailing the sale. The application incorrectly indicated that the sale took place at 12:43 P.M. on February 4, 1992. A search warrant was obtained and executed at about 2:30 A.M. on February 4, 1992.

Upon entry into the informant's apartment, the police handcuffed defendant and other occupants. While McAlinn examined a brown duffel bag laying in the middle of the floor, defendant stated "that's my bag but the shit inside ain't mine". The police found clear plastic bags containing white and yellow substances in a brown paper bag inside the brown duffel bag. The substances were later tested and found to be cocaine. Defendant admitted ownership of a pair of pants inside the duffel bag as well as of a pair of pants on the floor outside the bag. The pants found on the floor contained a marked $20 bill used in the earlier cocaine purchase made by McAlinn.

Defendant was indicted for criminal sale and criminal pos-

session of a controlled substance, each in the third degree, in violation of Penal Law § 220.39 (1) and § 220.16 (12), respectively. Motions to suppress evidence seized upon execution of the search warrant were denied following *Mapp* and *Huntley* hearings. Defendant was convicted as charged and sentenced to concurrent prison terms of 3 to 9 years for each crime.

On this appeal defendant's argument that County Court erroneously denied suppression of the seized evidence because the time stated in the supporting affidavit for the warrant was incorrect is rejected. Defendant does not have standing to press this issue because he did not meet his burden of demonstrating that he had "a personal legitimate expectation of privacy in the searched premises" *(People v Wesley,* 73 NY2d 351, 357). Were we to address the issue on the merits, we would nonetheless conclude that the time noted was an inadvertence, as County Court found, and as there are no allegations of falsity or reckless disregard for the truth, nor circumstances indicating otherwise *(see, People v Tambe,* 71 NY2d 492, 504), there is no reason to disturb County Court's finding in this regard *(see, supra; People v Hawley,* 192 AD2d 742; *People v De Meo,* 123 AD2d 879, *lv denied* 69 NY2d 826).

Defendant's argument that the People failed to prove defendant's guilt of criminal possession of a controlled substance in the third degree beyond a reasonable doubt is also without merit. Viewing the evidence in the light most favorable to the People *(see, People v Ford,* 174 AD2d 853, *lv denied* 78 NY2d 955), we find ample proof from which a rational person could infer beyond a reasonable doubt that defendant constructively possessed over one half of an ounce of cocaine *(see, People v Wilson,* 162 AD2d 747, *lv denied* 76 NY2d 945) and did commit the crime of criminal possession of a controlled substance in the third degree as alleged *(see, People v Bleakley,* 69 NY2d 490, 495). McAlinn described defendant's participation in the sale at the apartment, defendant was in the bedroom at the time of the search, he made damaging admissions and a $20 bill used in the purchase was found in pants that he admitted were his.

Yesawich Jr., Crew III, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed.