■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DONATO, Appellant. [612 NYS2d 697] —Judgment unanimously affirmed. Memorandum: County Court did not err by allowing the prosecutor, on redirect examination of a detective, to elicit evidence that defendants had committed a prior burglary together. Evidence of prior convictions or uncharged crimes may be admitted on redirect examination if, on cross-examination, defendant opens the door to that testimony *(People v Melendez,* 55 NY2d 445, 451-452). Here, defense counsel tried to create the impression that the detective had focused his investigation on defendant Peak only because Peak was a friend of defendant Donato. Thus, the People were entitled to elicit the challenged testimony *(see, People v Brown,* 176 AD2d 1232, *lv denied* 79 NY2d 853; *see also, People v Barksdale,* 188 AD2d 538, 539, *lv denied* 81 NY2d 836). Moreover, County Court's curative instruction mitigated any possible prejudice resulting from the testimony *(see, People v Gilliard,* 171 AD2d 531, 532, *lv denied* 77 NY2d 995).

We cannot conclude that Donato was denied effective assis-

tance of counsel solely because a notice of alibi was not filed, resulting in the preclusion of the testimony of a potential witness. Donato's defense attorney, who was not the first attorney in the case, told County Court that he had just been made aware of the witness and that she had failed to keep at least one appointment he had made with her. Under the circumstances, we cannot conclude that defendant informed his attorney in a timely manner about the witness and the nature of her expected testimony, nor can we conclude that counsel's efforts to interview the witness were inadequate *(see, People v Rivera,* 71 NY2d 705, 709). That issue is best pursued in a motion pursuant to CPL 440.10.

County Court properly denied Peak's motion to set aside the verdict based on newly-discovered evidence. Peak failed to demonstrate that the evidence would probably change the result if a new trial were granted *(see, People v Burnette,* 117 AD2d 987, 988, *lv denied* 69 NY2d 1002). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Callahan and Doerr, JJ.