■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL TORRES, JR., Appellant. [623 NYS2d 645] —Mikoll, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 19, 1993, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

In the afternoon of November 2, 1990 Rocco Ferrara, an informant working with the Town of Colonie Police Department in Albany County, made a telephone call to defendant's stepfather, Hector (also known as Ramon) Pino, to arrange for the purchase of one gram of cocaine. The telephone conversation was monitored and recorded by Investigator Daniel Limmer. The cocaine buy was to take place in a supermarket parking lot. Limmer strip-searched Ferrara, placed a hidden transmitting device on him, provided him with $100 for the purchase and drove him to the meeting place at about 4:00 P.M. While Ferrara waited in front of the supermarket, Lim-

mer sat in his unmarked police vehicle observing Ferrara. Pino arrived alone in a blue Volkswagen automobile. He told Ferrara that he did not have the cocaine with him but would return with it if Ferrara gave him the $100. Ferrara did so and Pino drove away.

At about 6:20 P.M. the vehicle returned with defendant driving and Pino seated in the front passenger seat. Ferrara was given two packets of cocaine by one of the two and asked them about the price of an eight ball (meaning an eighth of an ounce of cocaine) to which defendant replied $200. Ferrara put the two packets in his pocket and walked toward the supermarket. The car drove off and Ferrara then went to the parked unmarked police car and gave Limmer the two packets of cocaine.

On November 8, 1990 Ferrara made a monitored telephone call to Pino's residence. The phone was answered by defendant. Ferrara told defendant that he needed two half-grams of cocaine and defendant replied, "It's here." The phone conversation was recorded. However, the proposed sale was not completed and defendant was not charged with it.

On November 17, 1990 Ferrara made another police-monitored phone call to the same number which was answered by defendant. The two arranged for another purchase of cocaine to take place in the same parking lot as the November 2, 1990 sale. Subsequently, the blue Volkswagen approached and Ferrara, once again wired and observed by Limmer, went out to meet it. Defendant was the driver, Pino was the front seat passenger and a third man was seated in the back seat. Ferrara approached the driver's door and exchanged $90 for the two packets of cocaine. Ferrara walked away, the vehicle left the supermarket parking lot and Ferrara turned the two packets over to the watching and waiting Limmer.

Defendant was indicted on May 15, 1992 and charged with two counts of criminal sale of a controlled substance in the third degree arising from the November 2, 1990 and November 17, 1990 cocaine sales. A warrant was issued for his arrest but he was not arrested until June 11, 1992.

Upon defendant's arraignment on June 12, 1992, the People announced that the prosecution was ready for trial. Subsequently, defendant moved for omnibus relief including, *inter alia,* dismissal of the indictment on speedy trial grounds. Following a hearing, County Court denied defendant's speedy trial motion finding that the People exercised due diligence in attempting to apprehend defendant after his indictment. At

trial, the People proceeded on the theory that defendant was liable as an accomplice as to both counts. The jury found defendant guilty on each charge and County Court sentenced him as a predicate felon to concurrent prison terms of 10 to 20 years on each count.

Addressing defendant's arguments for reversal seriatim, we consider first his contention that County Court erred in denying his motion to dismiss the indictment for untimeliness because of the People's failure to use due diligence in locating defendant as required by CPL 30.30 (1) (a) and (4) (c). In computing the six-month period within which defendant is required to be brought to trial, any delay resulting from his absence or nonavailability is to be excluded *(see,* CPL 30.30 [4] [c]; *People v Delaronde,* 201 AD2d 846, 846-847; *People v Tano,* 169 AD2d 878). Thus, the time period between defendant's indictment and arraignment was properly excluded due to his acts of deceit and failure to live openly in the City of Troy, Rensselaer County. The testimony of defendant's probation officer, supports the conclusion that defendant attempted to avoid apprehension. The testimony of the Colonie Police and others support the finding that law enforcement authorities used due diligence to locate him and that defendant did not openly reside in Troy as he claimed.

Defendant's next argument, that County Court erred in allowing an audio tape of a November 8, 1990 conversation between defendant and the informant into evidence as it was an uncharged crime and prejudicial, is without merit. Although evidence of uncharged crimes is not admissible solely to establish a defendant's criminal propensity *(see, People v Hudy,* 73 NY2d 40, 54-55), such evidence may be admissible on redirect examination where, as here, on cross-examination defendant opened the door to such testimony *(see, People v Melendez,* 55 NY2d 445, 451-452).

County Court found that defense counsel, in cross-examining the police informant, attempted to convey the impression that defendant had no knowledge of drug dealing and intended to do nothing to assist or aid Pino in the alleged cocaine sales. Evidence of the November 8, 1990 taped conversation between the informant and defendant is admissible to demonstrate defendant's knowledge of Pino's drug dealing and that defendant's presence and activity at the time of the charged crimes was not merely accidental, mistaken or innocent *(see, People v Ingram,* 71 NY2d 474; *People v Alvino,* 71 NY2d 233, 241-243; *People v Melendez, supra,* at 451-452; *People v Brown,* 176 AD2d 1232, *lv denied* 79 NY2d 853; *cf.,*

*People v Crandall,* 67 NY2d 111). County Court gave a limiting instruction to mitigate any prejudice resulting from such evidence *(see, People v Donato,* 202 AD2d 1010, *lv denied* 83 NY2d 871).

Defendant's next contention, that the evidence was not sufficient to support the verdicts finding defendant guilty beyond a reasonable doubt as to both counts because the evidence merely demonstrates that defendant was present at the time the crimes were committed, fails. Viewing the evidence in a light most favorable to the prosecution as we are required *(see, People v Allah,* 71 NY2d 830; *People v Casado,* 199 AD2d 845, 846, *lv denied* 83 NY2d 850), we conclude that there is sufficient evidence to support the verdicts *(see, People v Contes,* 60 NY2d 620, 621). With respect to count two of the indictment, the November 17, 1990 criminal sale of cocaine, evidence of the telephone conversation on that date and the prior conversation of November 8, 1990 clearly demonstrate defendant's guilty participation in that sale along with Pino.

Concerning the November 2, 1990 sale to the informant, the only evidence of defendant's participation in the sale is that he drove the vehicle with Pino and the cocaine to the prearranged site of the buy, there acted as interpreter and used speech indicating that he understood drug terminology. Without more, demonstrating the purpose or intent of defendant's presence at the scene, the proof would be equivocal and thus insufficient *(cf., People v Hill,* 199 AD2d 111, 113, *revd on other grounds* 85 NY2d 256). However, the subsequent telephone conversation of November 8, 1990, arranging for another cocaine sale with defendant at the same telephone number used for the November 2, 1990 sale transaction and the November 17, 1990 telephone arrangement with defendant for another cocaine sale, along with evidence of defendant's participation in the November 17, 1990 crime, was admissible to show defendant's criminal intent and guilty knowledge on November 2, 1990 *(see, People v Ingram,* 71 NY2d 474, 480-481, *supra; see also, People v Mascoli,* 166 AD2d 612, 612-613, *lv denied* 78 NY2d 970). The evidence was so related in time, place, participation and operation as to be probative of defendant's intent in relation to the November 2, 1990 cocaine sale. The jury could properly find under all the circumstances that defendant knowingly assisted in the unlawful sale of cocaine *(see, People v Ingram, supra; see also,* Penal Law § 220.39 [1]).

Defendant's claim that he was denied the right to confront a witness against him, namely Deborah Alber, the chemist who made the finding that the substance involved in the

November 2, 1990 transaction was cocaine but who did not testify at trial, is rejected. The failure to produce the chemist was due to a serious back condition. Her laboratory notes were properly admitted as business records *(see, People v Porter,* 46 AD2d 307, 311-312; *see also, People v Nisonoff,* 293 NY 597, 602, *cert denied* 326 US 745) and possess particular indicia of reliability *(see, Minner v Kerby,* 30 F3d 1311, 1314). Alber's supervisor, Martin Horan, gave testimony confirming that the tests were performed accurately and properly. The notes, taken contemporaneously with the performance of the tests, relate to mechanically objective tests done on the cocaine *(see, Reardon v Manson,* 806 F2d 39, 41, 43, *cert denied* 481 US 1020). Horan testified to the standard lab procedures, Alber's general competence and the condition of the evidence admitted at trial. The rationale of *People v Porter (supra)* and *Minner v Kerby (supra)* applies and leads to the conclusion that the procedure followed was adequate and did not improperly deprive defendant of his right to confront a witness against him. Defendant was offered the opportunity to do his own testing of the substance and County Court instructed the jury on the weight of the evidence.

Finally, defendant's claim that the chain of custody of the cocaine was not sufficiently established to permit its admission into evidence is without merit. The circumstances furnished reasonable assurance of the identity and unchanged condition of the cocaine evidence and the failure to establish the full chain of custody is excusable *(see, People v Leach,* 203 AD2d 483, *lv denied* 83 NY2d 968; *People v Stephens,* 189 AD2d 837, *lv denied* 81 NY2d 1081). Thus, the exhibits were properly admitted into evidence.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.