■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAM CLARK, Appellant. [628 NYS2d 913] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), defendant argues that the evidence is insufficient to prove that he knew that he possessed over 500 milligrams of pure cocaine. Defendant failed to preserve that issue for our review *(see, People v Gray,* 86 NY2d 10), and we decline to exercise our power to review that issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Defendant was afforded effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137). The testimony of the officer on redirect examination concerning a prior arrest of defendant was properly admitted because the defense had "open[ed] the door" to admission of that evidence *(People v Donato,* 202 AD2d 1010, *lv denied* 83 NY2d 871; *see, People v Brown,* 176 AD2d 1232, *lv denied* 79 NY2d 853).

The suppression court concluded that the arresting officer had a founded suspicion that defendant had committed a crime,

sufficient to justify his stopping defendant, and that defendant was not in custody until the cocaine was discovered, at which time there was probable cause to arrest defendant. Those factual determinations are supported by the evidence and should not be disturbed *(see, People v Williams,* 202 AD2d 976, *lv denied* 83 NY2d 916). Finally, we decline to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Wesley, Doerr and Balio, JJ.