■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRIFFITH, Appellant. [647 NYS2d 249] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered April 20, 1994, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

When, during direct examination, the defendant denied knowing his assailant, he opened the door to cross-examination on whether he previously told the police that "Pete shot me" (*see, People v Chaitin,* 61 NY2d 683, 684; *People v George,* 159 AD2d 720, 721). Furthermore, when the defendant denied making this statement during cross-examination, the Supreme Court properly determined that a proper foundation had been laid for the admission of rebuttal testimony by the officer who heard the statement when she came to the scene (*see, People v Laguerre,* 184 AD2d 783; *People v Lassiter,* 161 AD2d 669; *see also, People v Wise,* 46 NY2d 321).

To the extent that the defendant claims that the rebuttal testimony concerning the $1,700 he allegedly lost during the incident was improperly admitted, his claim is unpreserved for appellate review (CPL 470.05 [2]). The defendant is correct in contending, however, that his direct testimony about wearing a green-suede coat was not sufficiently inconsistent to warrant

cross-examination and rebuttal testimony about his statement that he lost a mink coat during the incident and that the issue was collateral to the case (*see, e.g., People v Wise, supra,* at 326-328). Nonetheless, these errors were harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Rodriguez,* 179 AD2d 358; *People v Watford,* 146 AD2d 590, 591).

While it would have been preferable for the Supreme Court to have charged the jury on temporary possession of a weapon by stating that the People had the obligation to disprove this defense beyond a reasonable doubt, on the whole, the proper standard was conveyed to the jury and, in any event, any lack of clarity was harmless in light of the overwhelming evidence of the defendant's guilt (*see,* 1 CJI[NY] 9.65, at 535; *People v Ternaku,* 165 AD2d 678).

The prosecutor's summation remarks were proper in light of the defense summation which suggested that the police officers had a motive to lie (*see, e.g., People v Russo,* 201 AD2d 512, 513, *affd* 85 NY2d 872; *People v Rawlings,* 144 AD2d 500; *People v Torres,* 121 AD2d 663, 664).

The defendant received effective assistance of counsel, notwithstanding the fact that defense counsel opened the door to the admission of the rebuttal testimony that "Pete shot me" (*see, People v Clark,* 216 AD2d 856; *People v Dominizzi,* 194 AD2d 338; *People v Hinton,* 140 AD2d 712).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]), waived (*see, People v Bloom,* 193 NY 1, 10), or do not warrant reversal in light of the overwhelming evidence of the defendant's guilt. Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.