■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRENE MANSON, Appellant. [684 NYS2d 250] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 5, 1997, convicting her of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was in constructive possession of cocaine seized at the scene, and was guilty of the crime of criminal possession of a controlled substance in the third degree (*see, People v Pearson,* 75 NY2d 1001; *People v Johnson,* 209 AD2d 721). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that she was denied a fair trial as a result of certain remarks by the prosecutor during summation is, for the most part, unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Tevaha,* 84 NY2d 879, 881). In any event, the comments made by the prosecutor during summation either constituted fair comment on the evidence or permissive rhetorical comment, or were responsive to the defense counsel's summation (*see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105; *People v Griffith,* 231 AD2d 530).

Contrary to the defendant's contention that the trial court impermissibly admitted testimony of an uncharged crime, such evidence was properly admitted, as it was inextricably interwoven with the crime charged, and its probative value substantially outweighed any possible prejudice (*see, People v Vails,* 43 NY2d 364, 368-369; *People v Gines,* 36 NY2d 932, 933; *People v Zarvela,* 211 AD2d 690; *People v Tabora,* 139 AD2d 540, 541).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.