■ DANIEL MEYER et al., Appellants, v BOOTH MEMORIAL MEDICAL CENTER et al., Respondents. [704 NYS2d 861] —In an action, *inter alia*, to recover damages for wrongful death, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Milano, J.), dated April 27, 1999, which granted the respective motions of the defendants to dismiss the complaint for want of prosecution, and (2) a judgment of the same court entered May 24, 1999, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

After the plaintiffs were served with 90-day notices pursuant to CPLR 3216, they had to file a note of issue or move before the default date to either vacate the notice or to extend the 90-day period (*see, Zelik v Policy Signing & Accounting Centre,* 258 AD2d 580). The plaintiffs failed to do so. Accordingly, to avoid dismissal, they were required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notices and the existence of a meritorious cause of action (*see,* CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552).

The plaintiffs submitted an affidavit of a physician in opposition to the respective motions to dismiss. The affidavit was insufficient to demonstrate the potential merit of the action. It contained merely a conclusory recitation of malpractice and neither described the injuries which the decedent sustained nor outlined with any particularity the manner in which the alleged professional departures purportedly caused that injury (*see, Barton v Jablon,* 181 AD2d 755, 756).

Accordingly, the Supreme Court providently exercised its discretion in granting the respective motions of the defendants to dismiss the complaint. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.