■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SRISDI KIDKARNDEE, Appellant. [837 NYS2d 652]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered June 23, 2005, convicting defendant, after a jury trial, of attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, and two counts of endangering the welfare of a child, and sentencing him to concurrent terms of 23 years, 15 years, 1 year and 1 year, respectively, unanimously affirmed.

The court properly granted the People's Batson application (Batson v Kentucky, 476 US 79 [1986]; People v Kern, 75 NY2d 638 [1990], cert denied 498 US 824 [1990]). The record supports the court's finding of pretext, and this finding, based primarily on the court's assessment of counsel's credibility, is entitled to great deference (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352, 356-357 [1991]). Counsel's credibility in this regard was undermined by her failure to ask the panelist at is-

sue any follow-up questions pertinent to the gender-neutral reason advanced for the peremptory challenge.

During jury selection, when defense counsel gave the panel a misleading impression of the elements of the crimes charged, the court properly gave the panel a correct explanation of those elements. Defendant's remaining challenges to the court's preliminary remarks to the prospective jurors are unpreserved (*see People v Brown*, 7 NY3d 880 [2006]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the preliminary instructions did not deprive defendant of a fair trial (*see People v Harper*, 32 AD3d 16, 19 [2006], *affd* 7 NY3d 882 [2006]).

We perceive no basis to reduce defendant's sentence.

Defendant's pro se contention is without merit. Concur—Friedman, J.P., Nardelli, Sweeny and Malone, JJ.