THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR TSOURISTAKIS, Appellant. [920 NYS2d 28]—

The court properly granted the People's reverse-*Batson* application (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding that the race-neutral reasons provided by defense counsel for the peremptory challenge at issue were pretextual. These findings, based primarily on the court's assessment of counsel's credibility, are entitled to great deference (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]). Initially, we note that the People made a strong prima facie case of discrimination against Asian-Americans, and the strength of that showing is relevant to the issue of pretext (*see People v Hecker*, 15 NY3d 625, 660 [2010]). The court correctly

followed the three-step *Batson* procedure, and properly found pretext based on its own "founded and articulated rejection of the race-neutral reason[s]" offered by defense counsel (*People v Payne*, 88 NY2d 172, 184 [1996]; *see also People v Camarena*, 289 AD2d 7 [2001], *lv denied* 97 NY2d 752 [2002]). Although defense counsel's principal explanation was that he knew very little about the panelist, counsel ended his voir dire with five minutes of his allotted time to spare, and without asking any questions of the prospective juror (*see People v Kidkarndee*, 41 AD3d 247 [2007], *lv denied* 9 NY3d 923 [2007]; *compare Hecker*, 15 NY3d at 657-658 [lack of information not pretextual reason for challenge where court's time constraints prevented attorney from questioning panelist]). Moreover, counsel failed to challenge non-Asian panelists about whom he had little information. The record also supports the court's refusal to credit counsel's claim that he was concerned about the panelist's knowledge of English. Finally, although counsel claimed the panelist expressed a negative attitude toward firearms, the court had no recollection of any such statement by this panelist, and the record does not confirm counsel's assertion.

The court properly denied defendant's suppression motion. The officer's observation of defendant rolling marijuana cigarettes in his car provided probable cause for an arrest (*see Matter of Javier N.*, 226 AD2d 178 [1996]). Although the officer did not specifically testify as to his experience and training regarding marijuana, his general police experience and training permitted the inference that he could identify marijuana, for probable cause purposes, under the circumstances he observed.

To the extent a portion of the prosecutor's summation could be viewed as shifting the burden of proof, the court's thorough curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). The prosecutor did not vouch for his witnesses when he responded to the defense summation with proper arguments concerning the witnesses' motives or lack of motives to give false testimony (*see e.g. People v Gonzalez*, 298 AD2d 133 [2002], *lv denied* 99 NY2d 614 [2003]). Defendant's remaining summation claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find there was nothing so egregious as to deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and Freedman, JJ.