The People of the State of New York, Respondent,
against
Aubrey Payne, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (ShawnDya L. Simpson, J.), rendered September 9, 2013. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated (per se), driving while intoxicated (common law), driving while ability impaired, reckless driving, and unsafe lane change.




ORDERED that the judgment of conviction is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of driving while ability impaired and the sentence imposed thereon, by dismissing the count of the accusatory instrument charging that offense, and by vacating the sentence imposed on the convictions of driving while intoxicated (per se), driving while intoxicated (common law), reckless driving, and unsafe lane change; as so modified, the judgment of conviction is affirmed, and the matter is remitted to the Criminal Court for resentencing on each of the remaining convictions.
Defendant was charged with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), driving while his ability was impaired (Vehicle and Traffic Law § 1192 [1]), reckless driving (Vehicle and Traffic Law § 1212), and making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]). At a jury trial, the police officers who had arrested defendant testified, among other things, that they had observed defendant's vehicle cut in front of their marked police vehicle and weave in and out of traffic without using a turn signal while traveling at a speed of approximately 45 mph in a 30 mph zone. They subsequently ascertained that defendant had been operating the vehicle in an intoxicated condition. After the People rested their case, defense counsel moved for a trial order of dismissal contending, among other things, that the evidence of defendant's conduct did not rise to the level of gross negligence so as to support the reckless driving charge. The People opposed the motion, contending that the evidence supported that charge, since testimony was presented demonstrating that defendant had been changing lanes without signaling and weaving in and out of traffic while traveling at a high rate of speed. Following the trial, and the denial of defendant's motion, defendant was convicted of all of the charges.
Defendant's legal insufficiency claim pertaining to the count of reckless driving is preserved for appellate review since, when moving for a trial order of dismissal, he specifically raised the same contention now being argued on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). When the legal sufficiency of the evidence presented at trial is being examined, the People are entitled to all reasonable [*2]inferences that may be drawn therefrom (see People v Carr-El, 99 NY2d 546, 547 [2002]; People v Ford, 66 NY2d 428, 437 [1985]). Reckless driving is defined as driving "in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway" (Vehicle and Traffic Law § 1212). More than mere negligence is required, and the term has been held to mean the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences (see People v Grogan, 260 NY 138, 143-144 [1932]; People v Goldblatt, 98 AD3d 817 [2012]; People v Bohacek, 95 AD3d 1592 [2012]). "Determining whether conduct rises to the level of unreasonable interference or endangerment such that it constitutes the requisite recklessness involves the presence of additional aggravating acts or circumstances beyond a single violation of a rule of the road" (Goldblatt, 98 AD3d at 819; see People v Earley, 121 AD3d 1192 [2014]; People v Lamphear, 35 AD2d 305 [1970]). Additionally, "[e]vidence of an individual's intoxication and how that condition may have affected his ability to perceive and react to risks commonly encountered while operating a motor vehicle on a public highway may be relevant to prove reckless driving when that evidence is coupled with evidence of the manner in which the motor vehicle was being operated" (CJI2d [NY] Vehicle and Traffic Law § 1212; see Goldblatt, 98 AD3d at 819; Bohacek, 95 AD3d 1592; People v Brown, 44 Misc 3d 129[A], 2014 NY Slip Op 50984[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). 
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove defendant's guilt beyond a reasonable doubt of reckless driving, since the evidence of defendant's intoxication, coupled with evidence of the manner in which defendant's motor vehicle had been operated, demonstrated a reckless disregard of the consequences, thereby establishing that defendant's operation of his vehicle had unreasonably interfered with the free and proper use of the public highway, and unreasonably endangered users of the public highway.
Driving while ability impaired is a lesser included offense of the charge of driving while intoxicated (see People v Hoag, 51 NY2d 632, 634 [1981]). "A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, but not an acquittal thereon" (CPL 300.40 [3] [b]). In view of the foregoing, notwithstanding the fact that defendant did not raise this issue at trial and does not raise it on appeal, as a matter of discretion in the interest of justice, the conviction of driving while ability impaired and the sentence thereon are vacated and the count of the accusatory instrument charging that offense is dismissed (see CPL 470.15 [3] [c]; People v McClean, 137 AD3d 940 [2016]; People v Valery, 135 AD3d 975 [2016]).
Defendant's claim that certain comments made by the prosecutor during his summation were improper, thereby denying defendant a fair trial, is unpreserved for appellate review, as he made only a general objection thereto. Moreover, after the prosecutor repeated those comments despite the court's ruling, defendant failed to request curative instructions or move for a mistrial on the specific grounds he now asserts on appeal (see CPL 470.05 [2]; People v Tonge, 93 NY2d 838 [1999]; People v Arena, 70 AD3d 1044 [2010]). In any event, the prosecutor's comments on summation were responsive to arguments made in both the defense's opening and closing statements (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Rosario, 100 AD3d 660 [2012]). Thus, in light of defense counsel's remarks on summation that the police witnesses were lying, the prosecutor was entitled to respond directly to defense counsel's explicit argument (see People v Halm, 81 NY2d 819, 821 [1993]; People v Tsouristakis, 82 AD3d 612 [2011]) and it was within the bounds of proper advocacy for the prosecutor to point out that the police officers had no apparent motive to lie (see People v Adamo, 309 AD2d 808 [2003]; People v Gonzalez, 298 AD2d 133 [2002]). Furthermore, since the prosecutor did not state his personal belief regarding the truthfulness of the People's witnesses, it cannot be said that he improperly vouched for their credibility (see People v Griffith, 231 AD2d 530 [1996]; People v Thomas, 186 AD2d 602 [1992]). Consequently, in the context of this case, any perceived prejudice to defendant in the prosecutor's attempt to offset the defense's challenge to the officers' credibility "was of [*3]defendant's own making" (People v Anthony, 24 NY2d 696, 704 [1969]), and the alleged prosecutorial misconduct was not so egregious or prejudicial as to deprive defendant of a fair trial (see People v Johnson, 47 NY2d 785, 787 [1979]; People v Barber, 13 AD3d 898 [2004]).
Finally, as the People correctly concede, the Criminal Court failed to pronounce sentence on each count upon which defendant was convicted, in violation of its obligation under CPL 380.20 (see People v Sturgis, 69 NY2d 816 [1987]; People v Bailey, 132 AD3d 690 [2015]), and, thus, the sentence imposed upon the remaining convictions must be vacated and the matter remitted for proper sentencing thereon (see People v Stevens, 39 Misc 3d 131[A], 2013 NY Slip Op 50469[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Fevoy, 35 Misc 3d 143[A], 2012 NY Slip Op 50945[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the judgment of conviction is modified by vacating the conviction of driving while ability impaired and the sentence imposed thereon, by dismissing the count of the accusatory instrument charging that offense, and by vacating the sentence imposed on the convictions of driving while intoxicated (per se), driving while intoxicated (common law), reckless driving, and unsafe lane change, and the matter is remitted to the Criminal Court for resentencing on each of the remaining convictions.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: January 24, 2017