Einach v Lenox Hill Hosp. (2018 NY Slip Op 02405)





Einach v Lenox Hill Hosp.


2018 NY Slip Op 02405


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


5692 113332/08

[*1]Helen Einach, etc., Plaintiff-Respondent,
v
Lenox Hill Hospital, Defendant-Appellant.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for appellant.
Raymond A. Raskin, Brooklyn ((Louis A. Badolato of counsel), for respondent.



Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about July 25, 2016, which, in this action where plaintiff alleges that the decedent suffered intracranial bleeding as a result of defendant's negligent decision to administer Heparin, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The affirmation of defendant's expert was sufficient to meet defendant's prima facie burden of establishing the absence of a departure "from good and accepted medical practice, or that any such departure was not a proximate cause of the [decedent's] alleged injuries" (Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).
Although plaintiff's expert affirmation was sufficient to raise issues of fact regarding whether defendant departed from good and accepted practice by prescribing Heparin (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]), it was not sufficient to raise any issues of fact as to causation. Additionally plaintiff's expert based his opinion on his on his erroneously belief that plaintiff was taking Plavix. The conclusory assertion of plaintiff's expert that the decedent's intracranial bleeding was not caused by hemorrhagic conversion of an infarct - the contemporaneous diagnosis - but by the administration of Heparin is not sufficient to meet plaintiff's burden - especially in light of his failure to address defendant's expert's opinion that the cause of the bleeding is unknowable because all patients suffering from ischemic stroke are at risk of hemorrhage, with or without Heparin (see Meyer v Booth Mem. Med. Ctr., 270 AD2d 319, 320 [2d Dept 2000], lv denied 95 NY2d 755 [2000]). Additionally, after noting in his affirmation that plaintiff had stopped taking Plavix, an antiplatelet, plaintiff's expert then contradicts himself by
basing his opinion in part on the incorrect assertion that plaintiff was still taking the drug when he presented at the Lenox Hill emergency room.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK