People v Woodard (2020 NY Slip Op 06967)





People v Woodard


2020 NY Slip Op 06967


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Ind No. 1299/17 Appeal No. 12071 Case No. 2019-3144 

[*1]The People of the State of New York, Respondent,
v
Leonard Woodard, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip Vyse Tisne of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered February 15, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a prior violent felony, to a term of six years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the term of postrelease supervision from three years to two years, and otherwise affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. During a lawful automobile stop, an officer [*2]lawfully searched defendant under the automobile exception, based on the officer's detection of a marijuana smell inside the vehicle (see People v Valette, 88 AD3d 461, 461 [1st Dept 2011], lv denied 18 NY3d 887 [2012]). "Although the officer did not specifically testify as to his experience and training regarding marijuana, his general police experience and training permitted the inference that he could identify marijuana" (see People v Tsouristakis, 82 AD3d 612, 613 [1st Dept 2011], lv denied 17 NY3d 810 [2011]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020